STATE of Missouri, Respondent,

v.

Phillip JAMISON, Appellant.

No. 39544.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 21, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

Shaw, Howlett & Schwartz, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

A jury found defendant guilty of first-degree robbery (Sections 560.120 and 560.135, RSMo.1969) and punishment was assessed at five years' imprisonment. The only issue on appeal is defendant's identification. He contends his conviction was based on a court room identification tainted by impermissibly suggestive photographic identification.

The state's evidence: On October 23, 1976 Mr. and Mrs. Emil Geiger were in Kinloch about 4:00 P.M. to collect a debt. Mr. Geiger returned to his van and his wife and

while preparing to leave a young man approached the van and opened the driver's side door. He displayed an automatic pistol, announced a holdup and took Mr. Geiger's money, but returned the wallet upon request. He told the Geigers to back up their van; as they did so he walked off, but turned around, again flourished the weapon and fled.

The police were called immediately. Mr. Geiger described the robber as a young negro wearing a red jacket, about twenty years old, of medium height and athletic build, clean cut in appearance and spoke softly. Within an hour the police showed Mr. Geiger ten photographs. He picked out three of them and upon closer examination chose a picture of defendant as the robber. Mrs. Geiger independently picked out the same photograph. Defendant was later arrested and a lineup conducted. Each of the Geigers picked defendant from a group of four photographs and at trial both identified defendant as the robber.

Defendant and his sister testified. The sister testified defendant had borrowed her car on the day of the robbery and had it about 4:00 P.M.; that defendant was not wearing a red jacket that day, but one of his friends, Robert Turner, owned such a jacket and looked like defendant. Defendant testified he was miles away at the time of the robbery; that he was then wearing a blue sweater but an acquaintance of his was wearing a red jacket of the type described by the victims. The acquaintance did not testify. The jury obviously disbelieved the defense evidence.

■ Convictions based on photographic identification will not be overturned unless "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 196 L.Ed.2d 1247[3] (1968).

■ We consider defendant's argument with this in mind. He first contends the procedure used in the photographic identification was impermissibly suggestive, resulting in a tainted court-room identification.

He argues these photographs were obviously mug shots and demonstrate him to be of questionable character. The photographs were unlabeled, so we deny defendant's point.

*State v. Parker,* 458 S.W.2d 241[2] (Mo. 1970) instructs us to look to the totality of the circumstances and gives some explicit guidelines. It directs us to look for "(1) The presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive court room identification." The record demonstrates these criteria were met.

■ The victims had a face-to-face, prolonged view of and conversation with the defendant so that there was an independent basis for their identification. Second, the ten photographs shown the victims, from which they selected defendant's picture, were used by police to help locate and arrest him and the two lineup photo's were used by police to confirm the victims' selection of defendant. In all this, there was no sign of suggestiveness. Third, both victims' court-room identification was positive. Defendant's challenge to the photographic exhibits is therefore denied.

■ The state's evidence was clearly sufficient to warrant the guilty verdict and we find no reversible error.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.